UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15cv218-FDW

| JUNIOR JOSEPH RICE, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court upon initial review of Petitioner Junior Joseph Rice's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) For the reasons that follow, the Petition shall be dismissed without prejudice.

**I. BACKGROUND**

According to Petitioner, he pled guilty on December 5, 2012 in Mecklenburg County Superior Court to one count of attempted statutory rape. (Pet. 1, Doc. No. 1.)[1] He was sentenced to 92-173 months imprisonment. (Pet., supra.) From the pleadings, it does not appear that Petitioner filed a direct appeal challenging his conviction and sentence.

On an unspecified date, Petitioner filed a Motion for Appropriate Relief ("MAR") in Mecklenburg County Superior Court, which was dismissed on a similarly unidentified date. (Pet., supra, at 3.) On August 26, 2014, Petitioner filed a Petition for Writ of Certiorari in the

---

[1] Page numbers in citations to documents filed in this case are those generated by the district court's electronic filing system.

1

North Carolina Court of Appeals, which was dismissed on August 29, 2014. (Order Dismissing PWC 23, Doc. No. 1-1.)

Petitioner signed the instant pro se federal habeas petition under penalty of perjury on May 6, 2015 and placed it in the prison mailbox on May 7, 2015. (Pet. 15, Doc. No. 1.) It was docketed in this Court on May 12, 2015.

## II. RULES GOVERNING § 2254 CASES IN THE DISTRICT COURTS

Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that a Petition for Writ of Habeas Corpus name the person who has immediate custody of the petitioner as the respondent in the action. Rule 2(a), 28 U.S.C. folio § 2254; see also Rumsfeld v. Padilla, 542 U.S. 426, 434–47 (2004) (stating the writ should be directed to the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge."). Petitioner is presently incarcerated at Scotland Correctional Institution. The warden or superintendent of that facility, not the United States, has immediate custody of Petitioner, and, therefore, is the proper respondent. The Petition will be dismissed without prejudice to enable Petitioner to refile it, naming the correct respondent.

Rule 2(c) of the Rules Governing § 2254 Cases in the District Court requires a petitioner to "state specific, particularized facts which entitle him . . . to habeas corpus relief for each ground specified. These facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review." Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990). Here, Petitioner has done little more than string together a list of legal and philosophical concepts for each asserted ground for relief. For example, Petitioner asserts "Crimes Against Humanity" as Ground Three of his Petition, and

2

lists the following supporting "facts": "Perpetual Slavery, discrimination Denationalization, War Crimes, genocide, complicity in genocide Crimes Against Humanity, Over Sentencing, violations of civil rights and human rights to a Nationality." (Pet., supra, at 5.) Petitioner's other claims are similar.

Petitioner's failure to state specific facts to support each ground for relief violates the requirements of Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. Therefore, his petition will be dismissed without prejudice so that he may file a § 2254 petition for writ of habeas corpus that does comply with Rule 2(c).

## III. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

It appears from the pleadings that the Petition may be untimely. Judgment was entered against Petitioner on December 5, 2012. (Pet. 1-2, Doc. No. 1.) As noted, it does not appear

3

from the pleadings that Petitioner filed a direct appeal.  North Carolina limits the ability of individuals who plead guilty to appeal their convictions as a matter of right.  See N.C. Gen. Stat. § 15A–1444 (2010).  If Petitioner had the opportunity to appeal, however, the North Carolina Rules of Appellate Procedure require a notice of appeal within fourteen days of judgment.  N.C. R. App. P. 4(a)(2).  If he did not appeal, Petitioner's convictions became final no later than December 19, 2012, when the time for filing a direct appeal expired.  See § 2244(d)(1)(A).

The federal statute of limitations then proceeded to run for 365 days until it fully expired on or about June 19, 2013.  A properly filed MAR will toll the federal statute of limitations, see § 2244(d)(2), if the MAR is filed before the statute of limitations has expired, see Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000).  Because Petitioner did not provide the date on which he filed his MAR, the Court is unable to determine whether it tolled the statute of limitations.  Given that Petitioner did not file his petition for writ of certiorari in the appellate court until August 26, 2014, however, it appears that Petitioner may have filed his MAR after the federal statute of limitations had run.  If that is the case, then the instant Petition may be time-barred.

Because of the other enumerated defects in the Petition, Petitioner will have the opportunity to file another § 2254 habeas petition.  Should he choose to file another petition, Petitioner should provide all of the information requested, including relevant dates.  If he does not, his Petition may be subject to dismissal.

## IV.    ORDER

**IT IS, THEREFORE, ORDERED** that:

1) Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is **DISMISSED without prejudice**; and

2) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines

4

to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: May 13, 2015

Frank D. Whitney
Chief United States District Judge